**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Natia Turkadze, | : | |
| Debtor. | : | Bankruptcy No. 18-18424-MDC |

# **O R D E R**

**AND NOW**, on March 11, 2019, Natia Turkadze (the "Debtor") caused to be filed a reaffirmation agreement with creditor Quicken Loans Inc. (the "Reaffirmation Agreement").[1]

**AND**, the Debtor was represented by an attorney during the course of negotiating the Reaffirmation Agreement.

**AND**, the Debtor's attorney filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3).

**AND**, the Debtor acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement.

**AND**, this Court finds no material difference between the income and expenses disclosed by the Debtor pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on the Debtor's Schedules I and J.

**AND**, there is no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1).

It is hereby **ORDERED** and **DETERMINED** that:

1. No reaffirmation hearing is necessary.  11 U.S.C. §§524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary.  11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

---

[1] Bankr. Docket No. 13.

Dated: March 29, 2019

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Emanuel R. Kosacci, Esquire
4821 E. Street Rad
Feasterville, PA 19053

Robert H. Holber, Esquire
Robert H. Holber PC
41 East Front Street
Media, PA 19063

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107